### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JAMES CHANDLER RYDER,** )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>**RANDALL WORKMAN, Warden,** )<br>**Oklahoma State Penitentiary,** )<br>)<br>Respondent. ) | No. CIV-05-0024-JHP-KEW |

### ORDER

This matter comes on for consideration of Respondent's Motion in Limine (Dkt. # 127). On February 21, 2012, Petitioner filed a response (Dkt. # 128). After carefully considering the arguments of counsel, this Court finds Respondent's Motion in Limine (Dkt. # 127) should, for the reasons set forth below, be **GRANTED**.

Respondent argues that Petitioner has failed to comply with F.R.Civ.P. 26(a)(2) and, therefore, Professor Drew Kershen, a University of Oklahoma Law School professor, should not be allowed to testify. Petitioner does not dispute that he has not complied with said rule, but claims the rule is inapplicable in an evidentiary hearing held in a habeas corpus case pursuant to Rule 6 of the *Rules Governing Section 2254 Cases*.

"The Federal Rules of Civil Procedure, to the extent they are not inconsistent with any statutory provisions or [the habeas corpus] rules, may be applied" in federal habeas case. Rule 12 of the *Rules Governing Section 2254 Cases*. Rule 26(a)(2) of the Federal Rules of

Civil Procedure governs disclosure of expert testimony. It requires a party to disclose the identity of its expert witness, Fed.R.Civ.P. 26(a)(2)(A), **and** provide a written expert report that includes:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the data or other information considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualification, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed.R.Civ.P. 26(a)(2)(B). Moreover, where a party fails to disclose information required by Rule 26(a), without substantial justification, the party shall not be permitted to use the witness to supply evidence at a hearing, unless the failure to disclose the information is harmless. *See*, Fed.R.Civ.P. 37(c)(1). "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002)(quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

In this case, the Court finds that Petitioner's failure to satisfy the requirements of Rule 26(a)(2) is not justified. This court originally ordered a competency hearing in this matter on December 14, 2007. Following exchange of witness lists in September of 2008, the parties submitted proposed stipulations regarding petitioner's competency. On February 28, 2011, the magistrate issued her report and recommendation. Thereafter, on August 26, 2011,

this court held a status and scheduling conference and granted the parties until January 9, 2012, to conduct additional discovery. At that time, this matter was set for an evidentiary hearing on March 12, 2012 (Dkt. # 117). On February 6, 2012, the parties filed their final witness and exhibit lists (*see*, Dkt. #s 123-126). Thus, petitioner has had ample opportunity to disclose Professor Kershen to respondent during the discovery process and to have Professor Kershen prepare a written report in compliance with Fed.R.Civ.P. 26.

Furthermore, to the extent petitioner intends for Professor Kershen to testify as an expert "concerning legal ethics," this Court does not see how Professor Kershen's opinion on legal ethics can assist this court in deciding the primary factual issues herein, *i.e.*, whether or not petitioner was competent on the day that the statute of limitations expired herein and, if not, approximately what day did petitioner become incompetent. This court feels confident that it can determine any legal issues concerning legal ethics that arise in this case.

**IT IS THEREFORE ORDERED** that respondent's motion in limine (Dkt. # 127) is hereby **GRANTED**.

**IT IS SO ORDERED** this __2nd__ day of March, 2012.

*[signature]*
James H. Payne
United States District Judge
Eastern District of Oklahoma