IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES CHANDLER RYDER, ) | |
| by and through his Next Friend, ) | |
| SUE RYDER, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV 05-024-JFH-KEW |
| ) | |
| TOMMY SHARP, Warden, ) | |
| Oklahoma State Penitentiary, ) | |
| ) | |
|     Respondent. ) | |

**OPINION AND ORDER**

Petitioner James Chandler Ryder ("Petitioner") is an Oklahoma death row prisoner who is incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma. Through the Office of the Federal Public Defender for the Western District of Oklahoma, he has filed an Unopposed Motion for Order Granting Permission for Federal Counsel to File Subsequent State Post-Conviction Application Based on *McGirt* [*v. Oklahoma*, 140 S.Ct. 2452 (2020)], and Request for Expedited Disposition (Dkt. No. 169). For the reasons set forth below, the Court GRANTS the motion for appointment of counsel and DENIES AS MOOT his request for an expedited ruling.

**Background**

Petitioner was convicted of two counts of First Degree Murder in the District Court of Pittsburg County, Case No. F-99-147 (Dkt. No. 153 at 1). He was sentenced to death on one count and sentenced to life imprisonment without parole for the other count. *Id*. On direct appeal, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed his convictions

and sentences. *Ryder v. State*, 83 P.3d 856 (Okla. Crim. App.), *cert. denied*, 543 U.S. 886 (2004). He sought post-conviction relief in the OCCA, which was denied in an unpublished opinion. *Ryder v. State*, No. PCD-257 (Okla. Crim. App. Mar. 18, 2004).

On January 14, 2005, this Court appointed counsel from the Death Penalty Federal Habeas Corpus Division of the Federal Public Defender's Office for the Western District of Oklahoma to represent Petitioner in this federal habeas action filed pursuant to 28 U.S.C. § 2254 (Dkt. No. 3). *See* 18 U.S.C. § 3599(a)(2) (providing for appointment of counsel "[i]n any post conviction proceeding under section 2254" when the petitioner is "seeking to vacate or set aside a death sentence," and the petitioner is "financially unable to obtain adequate representation").

Through federal counsel, Petitioner filed a petition for writ of habeas corpus on September 13, 2005 (Dkt. No. 13). In an unpublished Opinion and Order entered on October 11, 2013, this Court denied the habeas petition and denied a certificate of appealability (Dkt. No. 153). The Court entered judgment against Petitioner the same day (Dkt. No. 154). The U.S. Court of Appeals for the Tenth Circuit affirmed the denial of federal habeas relief in *Ryder ex rel. Ryder v. Warrior*, 810 F.3d 724 (10th Cir), *cert. denied*, __ U.S. __, 137 S.Ct. 498 (2016) (Dkt. Nos. 161, 166). Petitioner's appointed counsel represented Petitioner throughout his habeas proceedings.

**Motion for Appointment of Counsel**

Petitioner now seeks the appointment of federal counsel to file a successive

application for post-conviction relief in the OCCA to exhaust a new claim based on the U.S. Supreme Court's recent decisions in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), and *Sharp v. Murphy*, 140 S. Ct. 2412 (2020). Citing state filing requirements and federal counsels' familiarity with Petitioner's case and with the *McGirt* and *Murphy* decisions, Petitioner argues it would be appropriate to authorize federal counsel to represent him in state court to exhaust this new claim. (Dkt. No. 169 at 4). He intends to raise the following claims in a state post-conviction application:

> . . . Oklahoma lacked jurisdiction to convict and sentence him for the murders in this case because the offenses occurred within the reservation boundaries of the Choctaw Nation, boundaries never disestablished by Congress; criminal jurisdiction in Indian country was never conferred on the state of Oklahoma by any congressional action; and the victims were Indians--enrolled citizens of the Choctaw Nation.

(Dkt. No. 169 at 2) (citing The General Crimes Act, 18 U.S.C. § 1152; *McGirt*; and *Murphy*).

The Choctaw Nation is a federally recognized Indian tribe which is one of the five tribes that often are treated as a group for purposes of federal legislation. The Cherokee, Muscogee (Creek), Choctaw, Chicasaw, and Seminole Nations historically are referred to as the "Five Civilized Tribes" or the "Five Tribes." *See McGirt*, 140 S.Ct. at 2483. Although *McGirt* was a habeas action concerning a crime committed on the Muscogee (Creek) Reservation by an enrolled member of the Seminole Nation of Oklahoma, Petitioner alleges the treaty and allotment history of the Choctaw Nation is very similar to that of the Creek. He asserts that applying *McGirt* to the Choctaw Nation will likely produce the same result as portended by the *McGirt* dissent. *See id.*, 140 S. Ct. at 2482 (Roberts, J. dissenting).

Petitioner's request requires this Court to interpret and apply 18 U.S.C. § 3599(e), which governs the scope of representation for counsel appointed under § 3599(a)(2). *See Harbison v. Bell*, 556 U.S. 180, 185 (2009). The statute provides:

> Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.

18 U.S.C. § 3599(e). *Harbison* held that "§ 3599 authorizes federally appointed counsel to represent their clients in state clemency proceedings and entitles them to compensation for that representation." *Id.*, 556 U.S. at 194.

"In authorizing federally funded counsel to represent their state clients in clemency proceedings, Congress ensured that no prisoner would be put to death without meaningful access to the 'fail-safe' of our justice system." *Id.* (citing *Herrera v. Collins*, 506 U.S. 390, 415 (1993). The *Harbison* Court rejected the argument that Congress intended the proceedings described in § 3599(e) to refer exclusively to federal proceedings, even for indigent state prisoners eligible for appointed federal counsel under subsection (a)(2). *Id.* at 186. The *Harbison* Court reasoned that Congress' repeated references to "available" judicial proceedings and other avenues for relief "indicates the breadth of the representation contemplated." *Id.* at 188. Section 3599(e)'s breadth is not without limits, however, and

"appointed counsel is not expected to provide each service enumerated in subsection (e) for every client." *Id*.

The question presented to this Court is whether § 3599(e) authorizes federally appointed counsel to represent Petitioner in filing a successive application for state post-conviction relief to raise a new claim unrelated to any of the claims he asserted in this now-closed § 2254 federal habeas proceeding. While *Harbison*'s narrow holding does not answer this question, its reasoning persuades this Court that Petitioner's motion for appointment of counsel should be granted.

Under the Supreme Court's analysis in *Harbison*, § 3599(e) authorizes counsel appointed under subsection (a)(2) to represent the state prisoner (1) in the § 2254 federal habeas proceeding and (2) in state court proceedings that ordinarily occur "subsequent" to the federal habeas proceeding. *Id*. at 189-90. The *Harbison* Court rejected the argument that interpreting § 3599(e) to apply to certain subsequent state proceedings "would require federally funded counsel to represent her client in any state habeas proceeding occurring after her appointment." 556 U.S. at 189. The *Harbison* Court, however, noted that "a district court may determine on a case-by-case basis that it is appropriate for federal counsel to exhaust a claim in the course of her federal habeas representation" because subsection (e) expressly provides "that counsel may represent her client in 'other appropriate motions and procedures.'" *Id*. at 190 n.7. After careful consideration, the Court concludes that it is appropriate for federal counsel to represent petitioner as he exhausts his *McGirt* claim in state

5

court.

**THEREFORE,**

1. Petitioner's Unopposed Motion for Order Granting Permission for Federal Counsel to File Subsequent State Post-Conviction Application Based on *McGirt* (Dkt. No. 169) is GRANTED.

2. Petitioner's Request for Expedited Ruling (Dkt. No. 169) is DENIED AS MOOT.

**IT IS SO ORDERED** this  25th  day of August 2020.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE